# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

RAPID ENTERPRISES, LLC,

Plaintiff-Appellant,

v.

UNITED STATES POSTAL SERVICE,

Defendant-Appellee.

On Appeal from the United States District Court for the District of Utah
District Court Case No. 2:22-CV-00627- JNP-JCB
The Honorable Jill Parrish, presiding

## APPELLEE'S MOTION FOR EXTENSION OF
## TWO WEEKS TO FILE RESPONSIVE BRIEF

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney
General*

TRINA A. HIGGINS
*United States Attorney*

TERRANCE A. MEBANE
*Assistant Director*

TIFFINEY F. CARNEY
*Trial Attorney*
*Commercial Litigation Branch*
*Civil Division, Room 7022*
*U.S. Department of Justice*
*1100 L Street NW*
*Washington, DC 20005*
*(202) 598-7521*

Pursuant to Federal Rule of Appellate Procedure 27 and Tenth Circuit Rule 27.6, appellee United States of America, including the United States Postal Service ("United States"), respectfully requests a two-week extension of time, to and including November 6, 2024, to file its response to appellant Rapid Enterprise, LLC ("Express One")'s opening brief. The United States' response brief is currently due on October 23, 2024.

In support of this motion, the United States submits the following:

1.      Express One brought suit in District Court asserting various federal and state law claims and seeking more than $500 million in damages. The District Court dismissed a portion of those claims for lack of subject matter jurisdiction and the remaining claims for failure to state a claim; the district court entered judgment in the United States' favor on March 13, 2024.

2.      Express One filed its opening brief on August 23, 2024, following a two-week extension provided by the clerk after an unsuccessful mediation, another 30-day extension granted by the clerk at the request of Express One, and a two-day further extension for Express One to correct filing errors—for a total of 46 additional days beyond the original opening brief deadline of July 8, 2024.

3.      On September 5, 2024, the United States sought a 60-day extension of time to file a response. The Court granted an extension of 30 days.

4.      Express One has no objection to this two-week requested extension.

5. This motion is timely under Tenth Circuit Rule 27.6(B), as it is filed more than three days before the current response brief deadline.

6. The two-week extension is necessary under Tenth Circuit Rule 27.6(E)(2) because the issues presented on appeal are too complex to be reasonably prepared by the current deadline. Express One appeals two separate District Court orders dismissing a total of ten counts asserted in its first amended complaint. The first order dismissed six counts for lack of subject matter jurisdiction. These six counts involved legal theories under both federal and state law, including the Postal Accountability and Enhancement Act, 39 U.S.C. § 404 et seq., the Federal Tort Claims Act, 28 U.S.C. § 171, the Defense of Trade Secrets Act, 18 U.S.C. § 1836, the Utah Trade Secrets Act, Utah Code 13-24-1 et seq., common law theories of misappropriation and equitable estoppel, and the Fifth Amendment of the United States Constitution. Express One's 54-page opening brief discusses or cites no less than thirty cases in support of its jurisdictional arguments, including *White v. United States Postal Service*, 2024 WL 2973705 (10th Cir. June 13, 2024), which the Tenth Circuit decided after the District Court's decision in this case. The second order dismisses Express One's remaining four counts for failure to state a claim. These theories involve the intersection of federal contract law and statutory law, including the applicability of the Postal Accountability and Enhancement Act, 39 U.S.C. § 404 et seq., and Express One's opening brief cites or discusses no less than twenty-four cases in support of these theories.

7.	The District Court's holding and the significant amount at stake also necessitate significant internal review within the Department of Justice and consultation with the Postal Service.  In particular, the position of the United States requires consultation among the Commercial Litigation Branch and Appellate Staff of the Civil Division and, potentially, the Office of the Solicitor General.  This review process is underway; however, an additional two weeks is needed to complete this review.

8.	Express One's opening brief also relies heavily on a privileged agency PowerPoint.  The United States needs additional time to consider the implications of Express One's reliance of the PowerPoint and consult with the Postal Service regarding the privilege issues involved, and specifically whether deliberative process doctrine should be invoked to protect the contents of the PowerPoint.

9.	In sum, a two week extension to the United States' response brief deadline is necessary because: (i) this case involves complex issues of federal and state statutory law, federal common law, and Constitutional law implicated in two District Court orders; (ii) the Department of Justice must consult with the Postal Service on these legal questions and Express One's reliance on a privileged agency PowerPoint slide; and (iii) the United States requires time to complete its intragovernmental review.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the time for filing its response brief be extended by two weeks, to and including November 6, 2024.

Dated this 18th day of October 2024.

BRIAN M. BOYTON
Principal Deputy Assistant Attorney General
Civil Division

TRINA A. HIGGINS
United States Attorney

KIRK T. MANHARDT
Director
Commercial Litigation Branch

AMANDA A. BERNDT
Assistant United States Attorney

TERRANCE A. MEBANE
Assistant Director

/s/ *Tiffiney F. Carney*
TIFFINEY F. CARNEY
Trial Attorney

*Attorneys for the Appellee*
*United States Postal Service*

## CERTIFICATE OF SERVICE

I hereby certify that on the October 18, 2024, I electronically filed the foregoing Appellee's Motion for Extension of Deadline to file Response Brief with the Clerk of Court using the Court's CM/ECF system, which sent a notification to the following:

D. Jason Hawkins
Scott Young
SPENCER FANE LLP
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 521-9000
Email: jhawkins@spencerfane.com
rsyoung@spencerfane.com
*Attorneys for Plaintiff/Appellant*

*/s/ Tiffiney F. Carney*
Tiffiney F. Carney

*Attorney for the Appellee*
*United States Postal Service*