**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 10, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RAPID ENTERPRISES, LLC, a Utah limited liability company, d/b/a Express One,

Plaintiff - Appellant,

v.

UNITED STATES POSTAL SERVICE; UNITED STATES OF AMERICA,

Defendants - Appellees.

No. 24-4041
(D.C. No. 2:22-CV-00627-JNP)
(D. Utah)

---

**ORDER AND JUDGMENT***

---

Before **HOLMES**, Chief Judge, **KELLY**, and **FEDERICO**, Circuit Judges.

---

Plaintiff-Appellant Rapid Enterprises, LLC, dba Express One ("Express One") sued the United States Postal Service ("USPS") for ten tort and contract claims. II Aplt. App. 312–31. Express One appeals the district court's orders dismissing all ten of these claims for either lack of subject matter jurisdiction or failure to state a claim. Aplt. Br. at 17–18. Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**Background**

The parties are familiar with the facts, and we need not restate them at length here. Suffice it to say that, since 2013, Express One has contracted with USPS through a "reseller program," which enabled Express One to purchase USPS products at discounted rates and sell them to private parties, retaining the difference as profit. II Aplt. App. 387. In 2019, the parties entered into a new contract ("the Contract") to continue their reseller business. Id. at 449. Both parties had the right to terminate the Contract at any time upon 90 days' notice. Id. at 361–62. In June 2022, USPS informed Express One that it was discontinuing the reseller program and terminating the Contract. Id. at 407–08.

Express One filed suit alleging that USPS implemented a scheme to steal its clients and destroy its business. Id. at 286–333. After the district court denied injunctive relief, IV Aplt. App. 845–47, Express One filed an amended complaint, asserting claims for: (1) breach of contract under the Postal Accountability and Enhancement Act ("PAEA"), (2) breach of the implied covenant of good faith and fair dealing, (3) breach of the implied duty to disclose superior knowledge, (4) misrepresentation in the inducement of a contract, (5) unjust enrichment, (6) misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA"), (7) misappropriation of trade secrets under Utah law, (8) common law misappropriation of trade secrets, (9) misappropriation of trade secrets as a Constitutional takings claim, and (10) estoppel.[1] II Aplt. App. 312–31.

[1] Express One's eleventh claim did not state a cause of action, and merely requested declaratory and injunctive relief. II Aplt. App. 331–32. Express One does not appeal the dismissal of this claim, nor does it appeal the dismissal of claim five for unjust enrichment. See generally Aplt. Br.

The district court dismissed all of Express One's claims in two orders. First, the district court dismissed claims one, four, six, seven, eight, nine, and ten, for lack of subject matter jurisdiction.[2] III Aplt. App. 706–36. In a separate order, the district court dismissed Express One's remaining claims for failure to state a claim. Id. at 750–75. We discuss the district court's reasoning further below as it is relevant to this appeal.

**Discussion**

**I. The district court properly dismissed most of Express One's claims for lack of subject matter jurisdiction.**

We review de novo the district court's dismissal for lack of subject matter jurisdiction. Kline v. Biles, 861 F.3d 1177, 1180 (10th Cir. 2017). The party asserting jurisdiction bears the burden of establishing that subject matter jurisdiction exists. Id.

**A. PAEA claims.**

Express One's PAEA claims arose under 39 U.S.C. § 404a, which restricts the Postal Service's ability to establish rules precluding competition and prohibits it from offering services based on information obtained without consent. See id. at § 404a(a)(1) & (3). In turn, section 3662 of Title 39 of the United States Code provides that an individual who believes that the Postal Service has violated § 404a "may lodge a complaint with the Postal Regulatory Commission[.]" Id. at § 3662(a). Accordingly, the district court dismissed Express One's § 404a claims because it found that the Postal

[2] The district court noted that although Express One based only claim one in the PAEA, reference to the PAEA was interspersed throughout the amended complaint. III Aplt. App. 713. Accordingly, its ruling extended to claims two, three, four, and ten to the extent that they were based in the PAEA.

Regulatory Commission ("PRC") had mandatory, exclusive jurisdiction over those claims. III Aplt. App. 715.

On appeal, Express One argues that the PRC's jurisdiction under § 3662 is not mandatory, and thus the district court was not deprived of jurisdiction. Aplt. Br. at 23. Express One focuses on § 3662's "permissive" language, stating that an individual suing under § 404a "may lodge a complaint with the [PRC]." 18 U.S.C. § 3662(a) (emphasis added). Relatedly, 39 U.S.C. § 409(a), states that "[e]xcept as otherwise provided in this title, the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service."

This court has never squarely addressed whether § 3662 vests the PRC with mandatory, exclusive jurisdiction over § 404a claims. However, this court has held in two unpublished decisions[3] that the PRC has mandatory, exclusive jurisdiction over claims arising under 39 U.S.C. § 403(c), which is enumerated alongside § 404a in § 3662. See White v. United States Post Office, No. 23-1239, 2024 WL 2973705, at *2–3 (10th Cir. June 13, 2024); Bovard v. U.S. Post Office, No. 94-6360, 1995 WL 74678, at *1 (10th Cir. Feb. 24, 1995). This is because "[t]he language of section 3662 makes clear that a postal customer's remedy for unsatisfactory service lies with the Postal [Regulatory] Commission[.]" Bovard, 1995 WL 74678, at *1. The Federal Circuit examined this same language in Foster v. Pitney Bowes Corp., 549 F. App'x 982 (Fed.

[3] Although not precedential, we find the reasoning of these and the other unpublished opinions cited in this decision to be instructive. See 10th Cir. R. 32.1(A).

Cir. 2013), and held that Congress intended a plaintiff alleging violations of § 404a "to exhaust the PRC process before challenging an adverse ruling[.]" Id. at 984–86.

We agree that § 3662's grant of jurisdiction over § 404a claims to the PRC is mandatory and exclusive. "Generally, when Congress creates procedures designed to permit agency expertise to be brought to bear on particular problems, those procedures are to be exclusive." Free Enter. Fund v. Pub. Co. Acct. Oversight Bd., 561 U.S. 477, 489 (2010) (quotations omitted). The district court correctly explained that "as used in § 3662, the term 'may' means only that an aggrieved party is not required to file a complaint, but to the extent they elect to do so, it must be filed with the PRC." III Aplt. App. 715 n.3. Express One's reliance on § 409 and its general grant of jurisdiction is misplaced because that grant is subject to exceptions within the title. See 39 U.S.C. § 409(a). "Section 3662, with its grant of jurisdiction to the PRC over claims arising under § 404a, provides such an exception." Foster, 549 F. App'x at 986.

Resisting this conclusion, Express One argues that § 3662 does not apply to its § 404a claims because they are not "rate and service complaints" like the § 403(c) claims at issue in White and Bovard. Aplt. Reply Br. at 7–8. This argument is unconvincing. To be sure, § 3662 is titled "Rate and Service Complaints." 39 U.S.C. § 3662. But this does not mean that only rate and service complaints are covered by § 3662. Congress explicitly enumerated § 404a claims in § 3662 even though § 404a deals with anticompetitive activity and misappropriation of information rather than "rate and service complaints." See id. at § 404a. Thus, the district court properly dismissed Express One's PAEA claims because the PRC has mandatory, exclusive jurisdiction over such claims.

**B. Intentional tort claims.**

It is axiomatic that the United States can only be sued to the extent that it has waived its sovereign immunity. See Garling v. United States Env't Prot. Agency, 849 F.3d 1289, 1294 (10th Cir. 2017). Though the FTCA waives sovereign immunity for certain state law tort claims, "[t]his provision is subject to 28 U.S.C. § 2860(h), which lists exceptions to waiver for various intentional torts," including "[a]ny claim arising out of . . . misrepresentation[.]" Id. at 1294–95 (quotations omitted). Here, the district court dismissed Express One's intentional tort claims (entitled "Misrepresentation in the Inducement of a Contract" and "Estoppel" respectively) because it found that these claims fell within this "intentional tort exception" such that there was no waiver of sovereign immunity. III Aplt. App. 717–21.

As it did in the district court, Express One relies on Union Pacific Railroad Co. v. U.S. ex rel. U.S. Army Corps of Engineers, 591 F.3d 1311 (10th Cir. 2010), for the proposition that "where a claim is founded upon a contract, it falls outside the scope of the FTCA." Aplt. Br. at 29. But unlike the claims in Union Pac. R.R. Co., Express One's intentional tort claims do not arise from any duties under the Contract. See 591 F.3d at 1315. Indeed, these claims contain no reference to any contractual provisions. II Aplt. App. 318–20, 330–31. Thus, we reject Express One's attempt to reframe its intentional tort claims as claims arising out of the Contract. III Aplt. App. 718–21.

Express One also argues that, at the very least, the district court had jurisdiction over its estoppel claim (claim ten). Aplt. Br. at 30–31. But Express One ignores Office of Personnel Management v. Richmond, 496 U.S. 414 (1990), where the Court held that

the FTCA barred a claim which, although labeled "estoppel," was "in practical effect one for misrepresentation[.]" Id. at 430. Here too, although claim ten is labeled "estoppel," it alleges the same misrepresentations as claim four and is in practical effect a claim for misrepresentation. II Aplt. App. 428–29, 416–17. And Express One does not challenge the district court's conclusion that it was bound by Block v. Neal, 460 U.S. 289, 295–97 (1983), where the Court held that the FTCA does not waive sovereign immunity where a claim relies on government misrepresentations. III Aplt. App. 720–21. Thus, the district court properly dismissed Express One's intentional tort claims for lack of jurisdiction.

**D. Remaining tort claims.**

Through 28 U.S.C. § 2675(a), the FTCA requires a party suing the United States for money damages to first exhaust administrative remedies. This court has consistently described this exhaustion requirement as a "jurisdictional prerequisite." Duplan v. Harper, 188 F.3d 1195, 1199 (10th Cir. 1999); Lopez v. United States, 823 F.3d 970, 976 (10th Cir. 2016). Relying on this precedent, the district court dismissed Express One's remaining tort claims because it found that those claims were subject to the FTCA's exhaustion requirements and remained unexhausted. III Aplt. App. 722–24.

We recognize that the Supreme Court's recent decision in Santos-Zacaria v. Garland, 598 U.S. 411 (2023), may call into question our precedent classifying the FTCA's exhaustion requirements as jurisdictional. The Court explained that "jurisdictional" rules "set[] the bounds of the court's adjudicatory authority," while "nonjurisdictional rules govern how courts and litigants operate within those bounds." Id. at 416 (quotations omitted). Even nonjurisdictional exhaustion requirements are

mandatory, but they are subject to waiver and forfeiture. Id. at 422–23. Critically, the Court held that exhaustion requirements are only "jurisdictional" if Congress states so explicitly. Id. at 416–19.

But we need not weigh in on whether the FTCA's exhaustion requirements are jurisdictional because that issue is not outcome determinative in this case. Indeed, neither party so much as mentions Santos-Zacaria in their briefing. And we agree with the district court that these claims were subject to the FTCA's exhaustion requirements but were unexhausted. We reject Express One's arguments to the contrary.

**i. Express One did not exhaust its administrative remedies.**

First, Express One argues that it satisfied the exhaustion requirements. These requirements "can be satisfied by a claimant filing (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." Lopez, 823 F.3d at 976 (quotations omitted). Similarly, Postal Service regulations provide that:

> [A] claim shall be deemed to have been presented when the U.S. Postal Service receives from a claimant . . . an executed Standard Form 95, Claim for Damage or Injury, or other written notification of an incident, accompanied by a claim for money damages in a sum certain[.]

39 C.F.R. § 912.5(a). This claim "should be filed with the Tort Claims Coordinator for the Postal Service District Officer where the accident occurred, but may be filed at any office of the Postal Service, or sent directly to the Chief Counsel, Torts, General Law Service Center, USPS National Tort Center[.]" Id. at § 912.4 (emphasis added).

Express One argues that it satisfied these requirements when it sent a letter describing its claims to the USPS Pricing Classification and Service Center ("PCSC"). Aplt. Br. at 35–37. The parties dispute whether the PCSC is "any office of the Postal Service" within the scope of 39 C.F.R. 912.4. But even assuming without deciding that the PCSC is "any office of the postal service," Express One's letter to the PCSC did not make a "claim for money damages in a sum certain." Id. at § 912.5(a). Rather, the relief requested in this letter was that "the USPS withdraw its Notice of Termination . . . so that the parties may proceed according to the terms of the contract." III Aplt. App. 615. And this court has not found a claim for money damages in a sum certain elsewhere in this letter, nor has Express One identified one. Id. at 614–29. Accordingly, Express One did not satisfy the exhaustion requirements because it failed to properly present its claim.

**ii. USPS did not waive the exhaustion requirements.**

Express One argues in the alternative that USPS waived the FTCA's exhaustion requirements because the Contract provided that Express One must appeal through the PCSC. Aplt. Br. at 37. Of course, if the FTCA's exhaustion requirements are jurisdictional, then this argument is meritless because jurisdictional requirements cannot be waived. See Lopez, 823 F.3d at 976. But even if these requirements are nonjurisdictional and subject to waiver, Santos-Zacaria, 598 U.S. at 422–23, Express One's argument for waiver is uncompelling. The contract stated:

> Customer may appeal a Postal Service decision regarding the calculation of prices, the amount of postage paid, or other implementation or operational issues under this contract by submitting a written appeal . . . to [the PCSC].

II Aplt. App. 461. This narrow clause regarding pricing and other operational issues under the Contract cannot serve as a waiver of the administrative exhaustion requirements found in 39 C.F.R. § 912 or the FTCA. III Aplt. App. 734.

**iii. Express One did not primarily seek injunctive relief.**

Express One next argues that the FTCA's exhaustion requirements do not apply because it sought injunctive relief rather than money damages. The FTCA applies only in tort actions for money damages. 28 U.S.C. §§ 2675(a), 1346(b)(1). "[E]xclusive jurisdiction may not be avoided by framing a complaint in the district court as one seeking injunctive, declaratory, or mandatory relief when, in reality, the thrust of the suit is one seeking money from the United States." Burkins v. United States, 112 F.3d 444, 449 (10th Cir. 1997) (quotations omitted). The thrust of a suit is monetary "unless the non-monetary relief sought has significant prospective effect or considerable value apart from the claim for monetary relief." Id. (quotations omitted). Here, Express One's amended complaint is plainly directed at obtaining money damages for claims based in breach of contract and tortious misappropriation, and requests substantial monetary relief in excess of $500,000,000. II Aplt. App. 430. We reject Express One's attempt to reshape its claim into one primarily for injunctive relief.

**iv. Express One's DTSA claim is not exempted from the FTCA.**

Finally, Express One argues that claim six is outside the scope of the FTCA because it alleges a violation of the DTSA.[4] Aplt. Br. at 32. Under 18 U.S.C.

[4] At the district court, Express One also argued that its constitutional takings claim (claim nine) was exempt for the same reasons. III Aplt. App. 729. But Express One has

§ 2679(b)(2)(B), the FTCA does not provide the exclusive remedy for civil actions brought against an employee of the government "for a violation of a statute of the United States under which such action against an individual is otherwise authorized." As a threshold issue, Express One does not meaningfully challenge the district court's conclusion that § 2679(b)(2) is inapplicable because it "clearly limits such actions that can be maintained independent of the FTCA to those brought against 'an employee of the government.'" III Aplt. App. 726 (emphasis added); see generally Aplt. Br.

But we agree with the district court that, assuming arguendo that claim six can be considered independently of the FTCA, USPS cannot be sued under the DTSA based on the two-step test from U.S. Postal Service v. Flamingo Industries (USA) Ltd., 540 U.S. 736 (2004). Under Flamingo, to determine whether USPS can be sued pursuant to the DTSA, "[w]e ask first whether there is a waiver of sovereign immunity for actions against the Postal Service." Id. at 743. "If there is, we ask the second question, which is whether the substantive prohibitions of the [federal law] apply to an independent establishment of the Executive Branch of the United States." Id.

As to the first step, Express One points to Flamingo, where the Supreme Court held that the "sue-and-be-sued clause" of § 401 waived USPS's immunity to suit under the Sherman Act. Id. at 744; 39 U.S.C. § 401(1) (granting USPS the power "to sue and be sued in its official name"). But the Sherman Act at issue in Flamingo is plainly distinguishable from the tort claims at issue here. While 39 U.S.C. § 409(a) waives

---

waived this issue on appeal by failing to raise it until its reply brief. See United States v. Leffler, 942 F.3d 1192, 1200 (10th Cir. 2019).

USPS's sovereign immunity to civil suits generally, this waiver does not apply to "tort claims arising out of activities of the postal service." Id. at § 409(c). Claim six is a tort claim, and thus there is no waiver of sovereign immunity. III Aplt. App. 727.

## II. The district court properly dismissed Express One's remaining contract claims for failure to state a claim.

"We review a Rule 12(b)(6) dismissal de novo." Thomas v. Kaven, 765 F.3d 1183, 1190 (10th Cir. 2014). "[W]e must accept all the well-pleaded factual allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." Id. (quotations omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quotations omitted).

"Obligations to and rights of the United States under its contracts are governed exclusively by federal law." United States v. Turley, 878 F.3d 953, 956 (10th Cir. 2017) (quotations omitted). However, "there is a presumption that state law should be incorporated into federal common law." Id. (quotations omitted). Here, to the extent that state law must be incorporated, the relevant state's law would be Utah. III Aplt. App. 755 n.6. The following results would be the same under either federal law or Utah law.

### A. Claim for breach of contract.

To state a claim for breach of contract, Express One needed to allege "(1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages." Am. W. Bank Members, L.C., v. State, 342 P.3d 224, 230–31 (Utah 2014). Express One alleged that USPS breached the Contract in four ways: (1) wrongful termination, (2) misappropriating confidential information, (3) violating the

PAEA, and (4) implementing a "scheme" to cancel the Contract and take control of Express One's clients. III Aplt. App. 757. We address each allegation in turn.

**i. Wrongful termination and "scheme" to cancel the Contract.**

The district court addressed together Express One's first and fourth breach of contract claims regarding wrongful termination and a "scheme" to cancel the Contract. Id. Both failed to state a claim because they did not rely on any contractual provisions, but instead on extrinsic statements made by USPS. Id. at 758–59. On appeal, Express One simply claims that it made adequate allegations as to each of these claims. Aplt. Br. at 49–50. Express One has waived these arguments by failing to adequately develop them. See Nelson v. City of Albuquerque, 921 F.3d 925, 931 (10th Cir. 2019).

**ii. Misappropriation.**

In arguing that USPS breached the Contract by misappropriating confidential customer information, Express One points to Section I(N) of the contract, which reads:

> Customer shall provide the Postal Service with all Tier 2 Merchants, Tier 3 Merchants, and Platforms along with their associated volumes, spend, MIDs, permits or meters, PCIDs where available, and all other information the Postal Service determine necessary for the purposes of validating Merchant and Platform shipping volume and spend per product.

II Aplt. App. 295 (emphasis added). Express One argues that, under the doctrine of expressio unius, the Contract's identification of this permitted use of the information excludes all other uses of the information. Aplt. Br. at 43. It further argues that because its interpretation of Section I(N) is "reasonable," the district court erred in resolving the Contract's ambiguous language on a motion to dismiss. Id. at 42; McAuliffe v. Vail Corp., 69 F.4th 1130, 1143 (10th Cir. 2023).

However, we agree with the district court that expressio unius "does not [] provide a sword by which Express One can assert the existence of other duties imposed on its contractual counterparty." III Aplt. App. 761. Section I(N) simply does not prohibit USPS from using Express One's information in the way that it did. See II Aplt. App. 295. And Section I(N) does not become ambiguous simply because Express One seeks to interpret it in accordance with its own interests. See Holladay Bank & Tr. v. Gunnison Valley Bank, 319 P.3d 747, 751 (Utah Ct. App. 2014). As a freely contracting party, Express One had the opportunity to include a term limiting USPS's use of its information, but it failed to do so. Accordingly, the district court properly found that Express One failed to state a claim for breach of contract under this misappropriation theory.

**iii. PAEA violation.**

Express One argues that USPS breached the Contract by violating the PAEA, which it claims was incorporated into the Contract. Aplt. Br. at 46. The PAEA was referenced only in the introductory recital to the Contract, which read:

> [I]t is the intention of the Parties to enter into a shipping services contract that will benefit the Postal Service, the postal system as a whole, and Customer, and that will comply with the requirements of Title 39 of the United States Code[.]

II Aplt. App. 449 (emphasis added).

Courts are "reluctant to find that statutory or regulatory provisions are incorporated into a contract with the government unless the contract explicitly provides for their incorporation." St. Christopher Assocs., L.P., v. United States, 511 F.3d 1376, 1384 (Fed. Cir. 2008). Here, "the [C]ontract's passing reference to the entire corpus of

[the PAEA] did not automatically result in wholesale incorporation of that statute." Precision Pine & Timber, Inc. v. United States, 596 F.3d 817, 826 (Fed. Cir. 2010) (quotations omitted). The Contract undoubtedly makes explicit mention of the PAEA, but it does not explicitly incorporate the PAEA into its terms. Thus, the district court properly dismissed Express One's breach of contract claim for failure to state a claim.

**B. Claim for breach of the implied covenant of good faith and fair dealing.**

The implied covenant of good faith and fair dealing "requires a party to not interfere with another party's rights under the contract." Id. at 828. However, this implied duty "cannot expand a party's contractual duties beyond those in the express contract or create duties inconsistent with the contract's provisions." Id. at 831. "Cases in which the government has been found to violate the implied duty of good faith and fair dealing typically involve some variation on the old bait-and-switch." Id. at 829.

Express One argues that this case presents the "classic bait-and-switch scenario."[5] Aplt. Br. at 52. As "bait," USPS threatened to terminate the 2016 contract and "forced" Express One to accept terms in the 2019 Contract such that it would provide information about its customers. Id. Then as the "switch," USPS terminated the Contract once it had this information. Id. We disagree. First, there was no "bait" because Express One was not "forced" to sign the 2019 Contract in bad faith. See II Aplt. App. 292–93. Indeed,

[5] Express One alleged that USPS violated this duty in "at least nine ways." Aplt. Br. at 51; III Aplt. App. 764. On appeal however, Express One seems to focus only on its claim (h) alleging that USPS planned to terminate the Contract after capturing Express One's confidential information. Aplt. Br. at 50–52; III Aplt. App. 764. Express One has waived its arguments as to the other allegations by failing to raise them until its reply brief. See Aplt. Reply Br. at 25; Leffler, 942 F.3d at 1200.

counsel for Express One recanted this allegation at oral argument. See Oral Arg. at 01:05–02:10. There was also no "switch" because Express One willingly entered into the Contract which expressly allowed USPS to terminate at any time upon 90 days' notice. III Aplt. App. 771. "Where the parties themselves have agreed to terms that address the circumstance that gave rise to their dispute . . . the court has no business injecting its own sense of what amounts to 'fair dealing.'" Young Living Essential Oils, LC v. Marin, 266 P.3d 814, 817 (Utah 2011). Thus, the district court properly dismissed this claim.

**C. Claim for breach of the implied duty to disclose superior knowledge.**

To plead a breach of the implied duty to disclose superior knowledge, Express One needed to allege that it:

> (1) undertook to perform [the contract] without vital knowledge of a fact that affects performance costs or direction, (2) the government was aware that the contractor had no knowledge of and had no reason to obtain such information, (3) any contract specification misled the contractor, or did not put it on notice to inquire, and (4) the government failed to provide the relevant information.

GAF Corp v. United States, 932 F.2d 947, 949 (Fed. Cir. 1991). The district court dismissed this claim for failure to allege the third element because "no contract specification supplied by USPS could have reasonably misled Express One regarding the fact of any internal discussions . . . to end the reseller program." III Aplt. App. 773. We agree with the district court that Express One "merely allege[d] deliberations regarding the possibility of future dissemination, which is not vital knowledge of a fact about which the Contract misled Express One." Id. at 773–74.

**III. Motions to Seal.**

Also pending before this court are two motions to seal filed by Express One. See Dkt. Nos. 28 & 50; see also 10th Cir. R. 25.6. "A party seeking to file court records under seal must overcome a presumption long supported by courts, that the public has a common-law right of access to judicial records." Eugene S. v. Horizon Blue Cross Blue Shield of New Jersey, 663 F.3d 1124, 1135 (10th Cir. 2011). Accordingly, the party "must articulate a real and substantial interest that justifies depriving the public of access to the records[.]" Id. at 1135–36.

Here, Express One moves to seal the briefs and appendix on behalf of USPS because "[t]here is one document in this case that may contain privileged material." Dkt. No. 28, at 2–3. Indeed, Express One does not believe the document to be privileged, and instead requests to file under seal to protect USPS's ability to argue it is privileged. Id. at 3; Dkt. No. 50, at 3. The Clerk of Court invited USPS to file a brief within 14 days responding to the motion to seal and providing further factual or legal basis in support of sealing the materials. See Dkt. No. 52. Our review of the docket sheet indicates that no response was filed. Accordingly, we deny the motions to seal.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge